JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Jacqueline White

(b) County of Residence of First Listed Plaintiff Lancaster, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Gregory L. Schell, Esquire
230 S. Broad St., Ste. 1050, Phila, PA
215-545-9000

**DEFENDANTS**

Davol, Inc.
C.R. Bard, Inc.

County of Residence of First Listed Defendant Providence, RI

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

McCarter & English, LLP
1735 Market St., Ste 700
Philadelphia, PA 19103

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. 1332

Brief description of cause: Product liability case involving surgical use of medical device

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** more than $50,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE Feb. 4, 2008

SIGNATURE OF ATTORNEY OF RECORD Barbara L. Hartley

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**McCARTER & ENGLISH, LLP**
By: Barbara K. Gotthelf
Kari B. Samuels
Identification Nos. 53832, 88512
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
215-979-3800
215-979-3899 (fax)

Attorneys for Defendants,
DAVOL, INC. and C. R. BARD, INC.

| | |
|---|---|
| JACQUELINE WHITE | : CIVIL ACTION |
| Plaintiffs | : |
| vs. | : NO. 08-CV- |
| DAVOL, INC. and C.R. BARD, INC., | : |
| Defendants | : |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Court of Common Pleas, Philadelphia County, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. On November 13, 2007, an action was commenced by Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, November Term, 2007, Civil Action Number 01228, captioned *Jacqueline White v. Davol, Inc., and C.R. Bard, Inc.*

2. Plaintiffs filed their Complaint in the Court of Common Pleas, Philadelphia County on or about January 30, 2008. Bard was served with the Complaint on or about January 30, 2008 as well. Davol has not been served but expressly joins in this Notice of Removal.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto collectively as **Exhibit A.**

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Court of Common Pleas, Philadelphia County, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 118(a).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard and Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Court of Common Pleas, Philadelphia County, where Plaintiff's Complaint is pending. A copy of this Notice of Removal and the written notice of same provided to the state court is also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Amount-In-Controversy Requirement Is Satisfied**

8. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount of damages in excess of $50,000, Defendants state that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was designed and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 5, 21-25.) Plaintiff alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, and, as a result, "sustained serious personal injuries which include, infections, an abdominal fistula, scarring, some of all which may be permanent in nature." (*Id.* ¶ 25). Plaintiff further alleges that she has "been unable to perform her usual and daily occupations and duties, and may continue to be unable to perform her usual and daily occupations and duties for an indefinite period, all to her great financial determent and loss." (*Id.* ¶ 26). Summarily, Plaintiff claims to have "suffered and will continue to suffer physical pain and mental anguish" allegedly as a result of the Composix® Kugel® hernia patch. (*Id.* ¶ 27). She seeks as compensation from Bard and Davol "jointly and severally, damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus damages for delay as provided by law." Further, Plaintiff seeks an open-ended "award of punitive damages in such a sum which will serve to deter Defendant[s] and others from similar conduct in the future." (*Id.* ¶¶ 40, 55).

9. The amount-in-controversy requirement is easily met here because the types of injuries alleged and damages sought in Plaintiff's Complaint. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging compensatory and punitive damages satisfies amount-in-controversy for diversity jurisdiction); *see also Bryd v.*

*Essex Silverline Corp.*, 2008 WL 81887, at *1-2 n.2 (E.D. Pa. Jan. 8, 2008) (product liability personal injury claim seeking an open-ended "in excess of $50,000" amount typically satisfies 28 U.S.C. § 1332); *McMonagle v. Franklin Mills Assocs. L.P.*, 2007 U.S. Dist. LEXIS 17071, at *4-5 (E.D. Pa. Mar. 9, 2007) (finding that allegations of permanent injury and loss of earning potential, "coupled with Plaintiff's initial demand for damages 'in excess' of $50,000, are sufficient, under a reasonable reading of the complaint, to demonstrate that the value of the rights being litigated is greater than $75,000"). Courts elsewhere have found similarly. *See Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

**B. The Parties Are Completely Diverse**

10. Plaintiff is a resident citizen of Lancaster, Pennsylvania. (*See* Complaint ¶ 1).

11. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Court of Common Pleas, Philadelphia County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

**McCARTER & ENGLISH, LLP**

By: [signature]

BARBARA K. GOTTHELF
KARI B. SAMUELS
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
215.979.3800
215.979.3899 (fax)
*Attorneys for Defendants*
*Davol, Inc. and C.R. Bard, Inc.*

DANA ALAN GAUSEPOHL
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Suite 900
Washington, DC 20005

DATED: February 4, 2008

# EXHIBIT "A"

**GREGORY L. SCHELL, LLC**
BY: Gregory L. Schell, Esquire
Attorney I.D. No. 42969
230 S. Broad Street, Suite 1050
Philadelphia PA 19102
(215) 545-9000

**THIS IS A MAJOR JURY MATTER ASSESSMENT OF DAMAGES IS REQUIRED** JURY FEE PAID

Attorney for Plaintiff(s)

| | | |
|---|---|---|
| ***JACQUELINE WHITE*** | : | ***COURT OF COMMON PLEAS*** |
| ***353 East Chestnut Street*** | : | |
| ***Lancaster, PA 17602*** | : | ***PHILADELPHIA COUNTY*** |
| | : | |
| ***vs.*** | : | |
| | : | |
| ***DAVOL INC.*** | : | ***November Term, 2007*** |
| ***100 Sockanossett Cross Road*** | : | ***No.:*** |
| ***Cranston, Rhode Island 02920*** | : | 001228 |
| | : | |
| ***and*** | : | |
| | : | |
| ***CR BARD INC.*** | : | |
| ***730 Central Avenue*** | : | |
| ***Murray Hill, NJ 07974*** | : | |

## *PRAECIPE TO ISSUE SUMMONS*

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL FILED.

***TO THE PROTHONOTARY:***

Kindly issue a Summons in Civil Action filed in the above captioned matter.

The amount in controversy is an amount in excess of Fifty Thousand ($50,000.00) Dollars.

***GREGORY L. SCHELL, LLC***

BY: ______________________
GREGORY L. SCHELL, ESQUIRE
Attorney for Plaintiff

C.P. 97

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

CITY AND COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

______ Term, 20____
NOVEMBER 2007
No. 001228

Jacqueline White
353 East Chestnut Street
Lancaster, PA 17602

*vs.*

DAVOL INC.
100 Sockanossett Cross Road
Cranston, Rhode Island 02920
and
CR BARD INC.
To[1] 730 Central Avenue
Murray Hill, NJ 07974

You are notified that the Plaintiff[2] Jacqueline White
*Usted esta avisado que el demandante[2]*

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL FILED.



JOSEPH H. EVERS
*Prothonotary*

By ______ ATTEST

Date ______ NOV 13 2007

JOHN SHELLENBERGER

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

GREGORY L. SCHELL
Attorney at Law
SUITE 1050
230 S. BROAD STREET
PHILADELPHIA, PA 19102

UNITED STATES POSTAGE
186 PB8542208
8053 $ 00.41 0 DEC 06 07
3378 PHILADELPHIA, PA 19102

RECEIVED
DEC 10 2007
C.R. BARD, INC.
LAW DEPT

CR BARD, INC.
730 Central Avenue
Murray Hill, NJ 07974

07974+1135

**GREGORY L. SCHELL, LLC**
BY: Gregory L. Schell, Esquire
Attorney I.D. No. 42969
230 S. Broad Street, Suite 1050
Philadelphia PA 19102
(215) 545-9000

**THIS IS A MAJOR JURY MATTER ASSESSMENT OF DAMAGES IS REQUIRED.**

Attorney for Plaintiff(s)

| | | |
|---|---|---|
| **JACQUELINE WHITE**<br>**353 East Chestnut Street**<br>**Lancaster, PA 17602**<br><br>**vs.**<br><br>**DAVOL INC.**<br>**100 Sockanossett Cross Road**<br>**Cranston, Rhode Island 02920**<br><br>**and**<br><br>**CR BARD INC.**<br>**730 Central Avenue**<br>**Murrayhill, NJ 07974** | : | **COURT OF COMMON PLEAS**<br><br>**PHILADELPHIA COUNTY**<br><br>**November Term, 2007**<br>**No.: 01228** |

# CIVIL ACTION COMPLAINT
# PRODUCTS LIABILITY

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
**Lawyer Referral and Information Service**
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL FILED.

## AVISO

Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACÍON SOBRE LAS AGENCIA QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO.

**SERVICIO DE REFERENCIA LEGAL**
**One Reading Center**
**1101 Market Street**
**Filadelfia, Pennsylvania 19107**
**Teléfono (215) 238-6333**

**GREGORY L. SCHELL, LLC**
BY: Gregory L. Schell, Esquire
Attorney I.D. No. 42969
230 S. Broad Street, Suite 1050
Philadelphia PA 19102
(215) 545-9000

**THIS IS A MAJOR JURY MATTER ASSESSMENT OF DAMAGES IS REQUIRED.**

Attorney for Plaintiff

| | | |
|---|---|---|
| **JACQUELINE WHITE**<br>**353 East Chestnut Street**<br>**Lancaster, PA 17602** | : | **COURT OF COMMON PLEAS**<br><br>**PHILADELPHIA COUNTY** |
| **vs.** | : | |
| **DAVOL INC.**<br>**100 Sockanossett Cross Road**<br>**Cranston, Rhode Island 02920** | : | **November Term, 2007**<br>**No.: 01228** |
| **and** | : | |
| **CR BARD INC.**<br>**730 Central Avenue**<br>**Murray Hill, NJ 07974** | : | |

**COMPLAINT IN CIVIL ACTION**

1. Plaintiff, Jacqueline White is a citizen and resident of the Commonwealth of Pennsylvania and resides at 353 West Chestnut Street, Lancaster, PA 17602.

2. Defendant, Davol, Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island, and conducts business on a regular and continuous basis in the Commonwealth of Pennsylvania. Davol has its principal place of business in the State of Rhode Island and manufactures the Composix Kugel Mesh Patches ("Kugel Patch") at 100 Sockanossett Crossroad, Cranston, Rhode Island. Davol focuses its business on products in certain surgical specialities, including hernia repair, hemostasis, orthopaedics, and laparoscopy.

HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL FILED.

3. Defendant, CR Bard, Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey, and conducts business on a regular and continuous basis in the Commonwealth of Pennsylvania. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

4. At all times material to Plaintiff's cause of action, each Defendant acted individually and/or jointly and/or collectively and/or concurrently and/or in concert with each other and/or as the agent, servant, employee and/or ostensible agent of each other.

5. Defendant Davol designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into Plaintiff's body.

6. Defendant Davol through its agents, servants, employees an/or ostensible agents, including Defendant, Bard participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Plaintiff's body.

7. The Defendants submitted their 510k application to the Federal Drug Administration ("FDA") on January 22, 2001. Following this 510k application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

8. Immediately after the Kugel Patch was placed on the market, Defendants began receiving actual notices of memory ring failures and Kugel Patch defects. Defendants actively and intentionally concealed this notice of the defective and dangerous condition associated with the Kugel Patches from Plaintiff, Plaintiff's physicians, and the general public.

9. After the defective and dangerous Kugel Patch was already placed on the market, Defendants conducted physician screenings and reviews as early as 2002. An Establishment Inspection Report ("EIR") conducted by the FDA in 2006 found that the post-market survey validation process of the device was incomplete and failed to include all the data from the physicians survey during this time. Whether intentionally or negligently, Bard and Davol failed to properly conduct and monitor their own post-market design validation physician surveys including those which demonstrated unfavorable or "dissatisfied" results. The complaints and concerns of the physician surveyors were actively concealed by Davol and Bard from Plaintiff, Plaintiff's physicians, and the public at large.

10. The Composix Kugel Patch hernia repair product implanted in Plaintiff was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate, cost effective and suitable product for such purpose.

11. No later than September 2004, Defendants uncovered serious problems with the weld process involving the memory recoil ring. Despite attempts to correct the problem at the plant, Defendants found the corrective measures to be ineffective and a process still not in control. Defendants were aware the weld issues had existed from the time the Kugel Patches were originally placed on the market and all current lots suffered from this dangerous defect. This information was intentionally withheld at this time from Plaintiff, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring.

12. During the 2006 EIR, corporate executives informed the FDA that the spring

and summer period of 2005 showed a marked increase in the number of complaints with the Kugel Patch and the memory recoil ring. In spite of their knowledge of increasing of complaints and complications, Defendants waited until August 30, 2005 to initiate a partial Kugel Patch distribution hold. Defendants actively and intentionally choose not to immediately inform Plaintiff, Plaintiff's physicians, and the FDA, and all other individuals who had been implanted or would be implanted with the patches using the memory recoil ring. Defendants waited until December 2005 to notify the public of the potential severity of the complications which were resulting from the dangerous and defective Kugel Patches and have since admitted that the product quality hold and release procedure was not applied on a timely basis.

13. An FDA Class I recall is issued from problems related to medical devices that are potentially life-threatening or could cause serious risk to the health of the patients implanted with devices.

14. On December 22, 2005, Davol recalled many sizes of Composix Kugel Patches under a Class I recall notice.

15. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

16. The FDA conducted the aforementioned EIR investigations in January and February of 2006. The results of these investigations determined, among other things, that Bard and Davol:

a) Had excluded ring failure events which should have been included from their complications data base, reports, and recall notices;

b) Misidentified numerous Kugal Patch complication events;

c) Failed to apply the product quality hold and release procedure on a timely basis;

d) Failed to properly follow the procedures for conducting design validation reviews;

e) Failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications, specifically, they provided no justification for including only the extra large Kugel Patch sizes in the December 2005 recall;

f) Failed to provide full information which they knew regarding numerous Kugel Patch complaints;

g) Failed to actually perform strength testing on memory recoil rings for all sizes of Kugel Patch before putting them into the stream of commerce;

h) Failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data from the actual complaints and what was placed in the electronic data bases.

17. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

18. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

19. Plaintiff was never informed by Defendants of the defective, dangerous, and recalled nature of the Kugel Patch and memory recoil ring which had been implanted until well after discovering of Bard's and Davol's FDA recall of the product.

20. Neither Plaintiff nor Plaintiff's physicians were aware of the defective and

dangerous conditions of the Kugel Patch or that this unreasonable defective condition was the cause of Plaintiff's injuries until sometime after Bard and Davol chose to finally inform the general public of the defective nature of the Kugel Patches and the subsequent recalls.

21. Plaintiff was admitted to the Heart of Lancaster Regional Medical Center on November 15, 2005 where she remained a patient until November 16, 2005 for complaints of an incisional hernia and umbilical hernia. During this admission surgery was performed during which time the Composix Kugel Mesh Patch was inserted into Plaintiff's body.

22. On February 16, 2006, Plaintiff was admitted to Heart of Lancaster Regional Medical Center where she became and remained a patient until her discharge on March 1, 2006. In the few days prior to her admission, she developed significant pain in her abdomen at the surgical site. She observed purulent fluid discharge from one of the openings of the surgical site and was diagnosed with an infection. She had pain at the abdomen especially at the surgical site.

23. On February 17, 2006, the infected Composix Kugel Mesh was removed. During that surgery, Ms. White was also diagnosed with a small bowel fistula which was repaired during the surgery.

24. On February 27, 2006, another surgical procedure was performed in order to treat and further care for the abdominal wall fistula.

25. As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff sustained serious personal injuries which include, infections, an abdominal fistula, scarring, some of all of which may be permanent in nature.

26. Plaintiff has incurred medical bills and expenses for the treatment of her injuries, and she may continue to incur medical bills and expenses for the treatment of her injuries for an indefinite period all to her great financial determent and loss. Plaintiff has been unable to perform her usual and daily occupations and duties, and may continue to be unable to perform her usual and daily occupations and duties for an indefinite period, all to her great financial determent and loss. She has incurred and may in the future incur loss of earnings and/or impairment of her earning capacity. She has suffered great bodily pain, mental anguish, emotional upset, emotional distress, humiliation, shock and depression and she may continue to suffer for an indefinite period. She has been unable to preform and enjoy the normal and/or ordinary physical activities and pleasures of life which may continue in the future.

27. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

28. Davol and Bard withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

29. Upon information and belief Defendants failed to comply with the FDA application and reporting requirements.

30. Upon information and belief Defendants were aware of the high degree of complications and failure rates associated with their Composix Kugel Patch before it was recalled.

31. Upon information and belief Defendants were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

32. Upon information and belief, the complications and failures associated with the Composix Kugel Patches were not limited to the sizes which Davol and Bard had already recalled.

33. Upon information and belief, Defendants were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of high degree of complications and failure rates.

**COUNT I**
**JACQUELINE WHITE vs. DAVOL, INC.**

34. Plaintiff incorporates by reference herein paragraphs 1 through 33, inclusive, as if more fully and completely set forth at length herein.

35. Defendants were negligent to Plaintiff in the following respects:

a) At all times mentioned Defendants had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch;

b) Knew or in the exercise of reasonable care should have known that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, and were unreasonably likely to injure the Composix Kugel Patches users;

c) Designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supply the Composix Kugel Patch that they were dangerous and unsafe for the use and purpose for which it was intended;

36. Defendant was aware of the probable consequences of the Composix Kugel

Patch. Defendant knew or should of known the Composix Kugel Patch would cause serious injury; and they failed to disclose the known or knowable risks associated with Composix Kugel Patch. Defendant willfully and deliberately failed to avoid those consequences and in doing so Defendant acted in conscious disregard of the safety of Plaintiff and other patients.

37. Defendant owed a duty to Plaintiff to adequately warn her and her treating physicians of the risk of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

38. Defendant breached its duty by failing to comply with the state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

39. As a direct and proximate result of the carelessness and negligence of the Defendant, as a aforesaid, Composix Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in Plaintiff suffering pain and harm.

40. Defendants conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or in conscious regard for the safety of others justifying an award of punitive damages in such a sum which will serve to deter Defendant and others from similar conduct in the future.

**WHEREFORE**, Plaintiff's claim of the Defendants, and each of them, both jointly and severally, damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus damages for delay as provided by law.

## COUNT II
## JACQUELINE WHITE vs. DAVOL, INC.

41. Plaintiff incorporates by reference herein paragraphs 1 through 40, inclusive, as if more fully and completely set forth at length herein.

42. Defendant is strictly liable to Plaintiff for its conduct as set forth above and in the following paragraphs.

43. Defendant designed, manufactured, assembled, distributed, conveyed and/or sold Composix Kugel Patch for hernia repair surgery.

44. The Composix Kugel Patch subject to the Class I recall was defective because they failed to perform safely and effectively for the purpose they were originally designed. Plaintiff's Composix Kugel Patch was a Class I recall device that failed while in her body causing her to develop serious physical complications which required subsequent painful and unnecessary removal surgery of her Composix Kugel Patch.

45. At all times mentioned herein, the Composix Kugel Patch was substantially in the same condition as when it left the possession of Defendant.

46. The Composix Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

47. The Composix Kugel Patches, like the one found in Plaintiff, at the time they left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to the Plaintiff as follows:

a) The Compsix Kugel Patch was sold in a defective condition by design and manufacture; was unsafely designed and manufactured; was designed and manufactured in an unreasonably dangerous condition;

did not perform safely as an ordinary customer/patient would expect; was unsafe for its intended use;

b) Failed to warn the user of the dangers and risk of the product;

c) Knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the user;

d) Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with mesh of the Composix Kugel Patch to withstand the foceable stresses that would be subject to within the intra-abdominal space;

e) Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

48. Furthermore, the acts or failures to act by Defendant regarding the studying, testing, design, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing and/or sale of Composix Kugel Patches for hernia repair surgery. Under the circumstances set forth above, entitles Plaintiff to recovery under the theory of strict liability, Restatement (Second) Torts §402 A.

**WHEREFORE**, Plaintiff's claim of the Defendants, and each of them, both jointly and severally, damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus damages for delay as provided by law.

**COUNT III**
**JACQUELINE WHITE vs. C.R. BARD, INC.**

49. Plaintiff incorporates by reference herein paragraphs 1 through 48, inclusive, as if more fully and completely set forth at length herein.

50. Defendants were negligent to Plaintiff in the following respects:

a) At all times mentioned Defendants had a duty to properly

manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch;

b) Knew or in the exercise of reasonable care should have known that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, and were unreasonably likely to injure the Composix Kugel Patches users;

c) Designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supply the Composix Kugel Patch that they were dangerous and unsafe for the use and purpose for which it was intended;

51. Defendant was aware of the probable consequences of the Composix Kugel Patch. Defendant knew or should of known the Composix Kugel Patch would cause serious injury; and they failed to disclose the known or knowable risks associated with Composix Kugel Patch. Defendant willfully and deliberately failed to avoid those consequences and in doing so Defendant acted in conscious disregard of the safety of Plaintiff and other patients.

52. Defendant owed a duty to Plaintiff to adequately warn her and her treating physicians of the risk of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

53. Defendant breached its duty by failing to comply with the state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

54. As a direct and proximate result of the carelessness and negligence of the Defendant, as a aforesaid, Composix Kugel Patch used in Plaintiff's hernia repair surgery

failed, resulting in Plaintiff suffering pain and harm.

55. Defendants conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or in conscious regard for the safety of others justifying an award of punitive damages in such a sum which will serve to deter Defendant and others from similar conduct in the future.

**WHEREFORE,** Plaintiff's claim of the Defendants, and each of them, both jointly and severally, damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus damages for delay as provided by law.

**COUNT IV**
**JACQUELINE WHITE vs. C.R. BARD, INC.**

56. Plaintiff incorporates by reference herein paragraphs 1 through 55, inclusive, as if more fully and completely set forth at length herein.

57. Defendant is strictly liable to Plaintiff for its conduct as set forth above and in the following paragraphs.

58. Defendant designed, manufactured, assembled, distributed, conveyed and/or sold Composix Kugel Patch for hernia repair surgery.

59. The Composix Kugel Patch subject to the Class I recall was defective because they failed to perform safely and effectively for the purpose they were originally designed. Plaintiff's Composix Kugel Patch was a Class I recall device that failed while in her body causing her to develop serious physical complications which required subsequent painful and unnecessary removal surgery of her Composix Kugel Patch.

60. At all times mentioned herein, the Composix Kugel Patch was substantially in the same condition as when it left the possession of Defendant.

61. The Composix Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

62. The Composix Kugel Patches, like the one found in Plaintiff, at the time they left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to the Plaintiff as follows:

a) The Compsix Kugel Patch was sold in a defective condition by design and manufacture; was unsafely designed and manufactured; was designed and manufactured in an unreasonably dangerous condition; did not perform safely as an ordinary customer/patient would expect; was unsafe for its intended use;

b) Failed to warn the user of the dangers and risk of the product;

c) Knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the user;

d) Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with mesh of the Composix Kugel Patch to withstand the foceable stresses that would be subject to within the intra-abdominal space;

e) Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

63. Furthermore, the acts or failures to act by Defendant regarding the studying, testing, design, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing and/or sale of Composix Kugel Patches for hernia repair surgery. Under the circumstances set forth above, entitles Plaintiff to recovery under the theory of

strict liability, Restatement (Second) Torts §402 A.

**WHEREFORE**, Plaintiff's claim of the Defendants, and each of them, both jointly and severally, damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus damages for delay as provided by law.

**GREGORY L. SCHELL, LLC**

BY: ______________________
GREGORY L. SCHELL, ESQUIRE
Attorney for Plaintiff

HEREBY CERTIFY THAT THIS IS A TRUE
COPY OF THE ORIGINAL FILED.

# VERIFICATION

GREGORY L. SCHELL, ESQUIRE, is counsel for the Plaintiff in the foregoing action and I am authorized to execute this Verification on Plaintiff's behalf. The attached pleading is based upon information which has been gathered by myself in the investigation of this lawsuit. The language of the pleading is that of counsel and not of Plaintiff. I have read the pleading, and to the extent that the averments are based upon information which have been given to me by my client, they are true and correct to the best of my client's knowledge, information and belief. To the extent that the contents of the pleading is that of counsel, Plaintiff has relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid pleading is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

GREGORY L. SCHELL, ESQUIRE
Attorney for Plaintiff(s)
230 S. Broad Street, Suite 1050
Philadelphia, PA 19102
(215) 545-9000

UNITED STATES DISTRICT COURT APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 353 East Chestnut Street, Lancaster, PA 17602

Address of Defendant: Davol Inc., 100 Sockanossett Cross Road, Cranston, RI 02920
C. R. Bard Inc., 730 Central Avenue, Murray Hill, NJ 07974

Place of Accident, Incident or Transaction: *(Use Reverse Side For Additional Space)*
Pennsylvania

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___ Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Barbara K. Gotthelf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/4/08 [signature] Attorney-at-Law Barbara K. Gotthelf Attorney I.D.# 53832

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 2/4/08 [signature] Attorney-at-Law Barbara K. Gotthelf Attorney I.D.# 53832

CIV. 609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE WHITE | : | CIVIL ACTION |
| Plaintiffs | : | |
| vs. | : | NO. 08-CV- |
| DAVOL, INC., et al. | : | |
| Defendants | : | |

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1**

Defendants C.R. Bard, Inc. and Davol, Inc., pursuant to Fed. R. Civ. P. 7.1, hereby file this Corporate Disclosure Statement, and state as follows:

1. C.R. Bard, Inc., is a publicly traded company. It has no parent corporation, and no publicly held corporation owns more than 10% of its stock.

2. Davol Inc. is a wholly owned subsidiary of C.R. Bard, Inc.

**McCARTER & ENGLISH, LLP**

By: [signature]
BARBARA K. GOTTHELF
Mellon Bank Center
Suite 700
1735 Market Street
Philadelphia, PA 19103
215.979.3800
215.979.3899 (fax)
Attorneys for Defendants
Davol, Inc. and C.R. Bard, Inc.

DATED: February 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of February, 2008, a true and correct copy of the foregoing Notice of Removal and Corporate Disclosure Statement Pursuant to Fed. R. Civ. P.7.1 have been served upon the following counsel via certified mail:

Gregory L. Schell
Gregory L. Schell, LLC
230 S. Broad Street, Suite 1050
Philadelphia, PA 19102

BY: ______________________
Barbara K. Gotthelf